George H. Jeffries et al., Plaintiffs in Error, v. John M. White et al., Defendants in Error.

Gen. No. 8,624.

Opinion filed August 20, 1932.

A. C. & Ben F. Anderson, for plaintiffs in error; Herbert S. Anderson, of counsel.

Bryan H. Tivnen, for defendants in error; Thomas R. Figenbaum and Carus S. Icenogle, of counsel.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

Plaintiffs in error filed a bill in equity in the circuit court of Coles county against defendants in error to which, after the same was amended, the chancellor in the court below sustained a demurrer thereto, and the plaintiffs in error refusing to further amend their bill, the same was dismissed.

No error is assigned to the action of the court in sustaining the demurrer to the amended bill. The assignments of error are as follows: 1st. The court committed reversible error in holding that the assignees could not sue in their own names. 2nd. The court committed reversible error in holding that the beneficiaries of the trust were necessary parties to the bill of complaint. 3rd. The court committed reversible error in dismissing the bill of complaint. The order of the court is as follows: "This day come the parties to this cause by their attorneys respectively, and after due

deliberation thereof by the court, the demurrer to said bill of complaint heretofore filed, is sustained and complainants refused to amend the said bill of complaint and said bill of complaint is dismissed at complainants' costs, whereupon said complainants except and pray an appeal to the Appellate Court, etc.''

The demurrer to the amended bill was general and special. There are 32 reasons assigned in the special demurrer why it is insufficient but it will be necessary to consider but two of them. The only authority alleged in the bill of the right of plaintiffs in error to maintain the same is the allegation, ''That they are the equitable assignees, holding in trust certain assets of the First National Bank of Charleston, Illinois, an Incorporation, and are the equitable owners of the judgment hereinbefore set forth.'' The judgment referred to is alleged in the bill to have been entered in an action at law against defendants in error, John M. White and Leila White, in favor of the First National Bank of Charleston, Illinois, on July 21, 1930, in the sum of $16,062.36 and costs.

In order to maintain a creditor's bill the complainants therein must show a clear right to the relief sought. The allegation in this bill that the plaintiffs in error are the equitable assignees holding in trust certain assets of the First National Bank of Charleston and are the equitable owners of the judgment involved are pure conclusions of law. The allegation that they hold in trust certain assets of said bank would give them no right to file this bill, and the further allegation that they are the equitable owners of the judgment is a general allegation of their own conclusions of law. No facts are averred of any kind by which the court can determine what interests they may have in the judgment, if any, which would entitle them to file their creditor's bill, nor on which any issues of fact can be joined.

The bill alleges among other things that John M. White had a policy of insurance on his life in the New York Life Insurance Company in the sum of $10,000, payable to his executors, administrators and assigns, and that said White delivered said policy to the First National Bank of Charleston, Illinois, and pledged the same for the payment of the debt sued on but failed to make any written assignment of said policy to the bank, that said policy constitutes a valuable asset of said White and that the New York Life Insurance Company should be required to pay the amount due on said policy to a receiver to be hereafter appointed to collect. Under the allegations in the bill the bank still holds this policy as security for the payment of the debt. The bank is not made a party to the bill and the court would have no power to order this policy turned over to a receiver nor to anyone else.

The amended bill is clearly defective in failing to allege facts showing that plaintiffs in error had a right to maintain the same and also for want of proper parties and the court did not err in sustaining a demurrer thereto. Plaintiffs in error having refused to further amend the bill, the court had the right to dismiss it and the judgment of the circuit court is affirmed.

*Affirmed.*